SIEGEL, APPELLEE, *v.* BOLLOTIN, APPELLANT.

[Cite as Siegel v. Bollotin, 8 Ohio App. 2d 20.]

(No. 26765—Decided June 11, 1964.)

*Mr. William R. Brofman,* for appellee.
*Mr. Richard B. Steuer* and *Mr. Warren M. Briggs,* for appellant.

SKEEL, C. J. This appeal is one on questions of law, this court having dismissed the appeal on questions of law and fact. The original action, as filed, prays for a dissolution of a partnership between the parties, which partnership operated a drug store at the corner of East 105th Street and Superior Avenue. Upon hearing, a decree of dissolution was entered, and the receiver who had been appointed to operate the business pending the final disposition of the case was ordered to liquidate the business under the authority of the journal entry of dissolution filed September 18, 1963. On August 13th the record shows the filing of a motion for a temporary restraining order and leave to make new parties defendant, to wit, Marvin Wolkov, Sidney Wolkov, Max Wolkov and David Camin. The court granted leave to file said motion. The record does not show that the motion was granted or that these defendants were served with summons or entered their appearance although the motion was endorsed on August 21st by the sheriff with the statement that copies of the motion (and not a summons) were served on them

(by the sheriff). The journal entry ordering dissolution of the partnership was filed September 18, 1963. The next entry on the transcript, after the order of dissolution, is dated November 13, 1963, and is a copy of the order of dissolution, amended to include the alleged new defendants as being the "landlords to the premises known as 10503 Superior Avenue" and stating that these defendants "should be permitted to enter into any lease or rental agreement upon said premises with anyone of their own choosing." The temporary restraining order above referred to and filed on August 13, 1963, sought to restrain the new defendants from entering into a new lease of the premises known as 10503 Superior Avenue with the plaintiff and the new defendant, David Camin. The motion for a restraining order seems to have been overruled because on September 3, 1963, a motion for rehearing was overruled. The notice of appeal was filed November 14, 1963.

The assignments of error are:

"1. The court erred in entering the supplemental journal entry.

"2. The court erred in making Mildred W. Silver a new party to the case in said supplemental journal entry.

"3. The court erred in entering said supplemental journal entry without hearing evidence thereon."

The bill of exceptions, filed on February 5, 1964, which is narrative in form, does not have a certificate that it contains all the evidence. It states that the journal entry of dissolution was filed by agreement of the parties. It also sets out new parties defendant, who were thereafter named, although the motion to make new parties defendant, as shown by the transcript, was filed August 13, 1963, and no ruling thereon is shown. The bill of exceptions sets out that the new parties defendant, Marvin, Sidney and Max Wolkov, are the landlords of the premises occupied by the partnership, and David Camin is an employee of the partnership. It is set out that over the objection of the defendant, Jerome Bollotin, the court signed and filed such supplemental journal entry of November 13, 1963, although it was dated September 16, 1963, that appellant's objection to the supplemental journal entry was based on the grounds that it "was apart from and extraneous to any of the issues of the case, that it was entered without a hearing being had and evidence

taken, that it included a new party defendant, one Mildred W. Silver, who was not a party to this action, and that it was prejudicial to the rights of the defendant Jerome Bollotin." The balance of the bill is concerned with statements of procedure and that it "covers and includes all the questions of law and fact raised in this cause."

The brief of the appellant makes the statement that this court takes judicial notice of actions pending in the Common Pleas Court of Cuyahoga County. This, of course, is incorrect. We can give no consideration, therefore, to whatever claim is made by the appellant based upon the state of the record in a case said to be on file between the parties now pending in that court.

The two journal entries set out in the transcript were filed in the same term of court so that it was entirely within the power of the court to restate its judgment whether any new evidence was presented after the first journal entry was approved and filed or not. The appellant's first and third claims of error must, therefore, be overruled.

It is clear that the so-called new parties defendant were not before the court or subject to any judgment entered purportedly attempting to conclude their rights to dispose of their property in any manner they might desire. The partnership was dissolved apparently by agreement if the statements in the bill of exceptions can be considered as in the record. But in all events, the judgment of the court concluded such relationship. The statement, which seems to have been assumed by the parties, that the right of the partnership in the property was on a month to month basis, would also free any right of a former member of the partnership to deal for the right to occupy the property and the owners could not, under these facts, be restricted from dealing with any person desiring to rent or otherwise acquire legal possession thereof.

The second claim, as to making Mildred W. Silver a party defendant, is likewise not sustained by the record. At no place in the transcript does the name Mildred W. Silver appear except in the amended journal entry. She was never made a party nor did she enter her appearance.

The appellant, on the face of the record presented, could not be prejudiced by the court's supplemental journal entry.

No error appearing on the record before us prejudicial to the appellant, his claims are overruled and the appeal is dismissed at appellant's costs.

*Appeal dismissed.*

SILBERT and CORRIGAN, JJ., concur.